UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
NORTHEASTERN DIVISION

| | |
|---|---|
| ERIC KEETON, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | Case No. 5:23-cv-01512-ACA-NAD |
| ) | |
| WARDEN CHADWICK ) | |
| CRABTREE, et al., ) | |
| ) | |
| Respondents. ) | |

## **MEMORANDUM OPINION**

The magistrate judge entered a report recommending that the court deny Eric Keeton's 28 U.S.C. § 2254 petition for writ of habeas corpus and that the court deny him a certificate of appealability. (Doc. 12). Mr. Keeton challenged his conviction for two counts of first degree sodomy and his resulting 40 year sentence. (Doc. 1). The magistrate judge concluded that one of Mr. Keeton's claims was procedurally defaulted and that he was not entitled to relief on the merits of his other claims. (Doc. 12 at 2). Mr. Keeton timely filed objections. (Doc. 15). The court first addresses Mr. Keeton's objections to the recommendation that one of his claims is procedurally defaulted and then addresses Mr. Keeton's objections to the recommendation that he is not entitled to relief on the merits of his other claims.

I. **DISCUSSION**

1. Procedural Default

The magistrate judge found that Mr. Keeton procedurally defaulted his claim that he was denied the right to counsel and/or a hearing on motions he filed *pro se* during and after trial. (Doc. 12 at 14). Mr. Keeton objects to that finding. (Doc. 15 at 1, 3). However, Mr. Keeton failed to raise this claim in his Rule 32 petition, and the magistrate judge correctly found that he could not successfully raise it now. (*See* doc. 12 at 14–15, 17–18; *see also* doc. 9-17 at 3–4 n.4 (finding by the Alabama Court of Criminal Appeals that this claim was not properly before them for review because it was raised for the first time on appeal)).

In his brief on appeal to the Alabama Court of Criminal Appeals, and again in his federal petition, Mr. Keeton argues that the alleged denial of counsel for his *pro se* motion for a new trial presents a jurisdictional claim, which he may raise at any time. (Doc. 9-14 at 10, 30–31; *see also* doc. 15 at 3). But even if the court considered this claim on its merits, Mr. Keeton cannot demonstrate any violation of his constitutional right to counsel occurred.[1]

The trial record reflects that Mr. Keeton filed a *pro se* motion for new trial on October 17, 2019 (doc. 9-1 at 124), and the trial court denied it that same day because

---

[1] Pursuant to 28 U.S.C. § 2254(b)(2), a federal habeas court may deny a claim on its merits, regardless of exhaustion. *See, e.g.*, *Loggins v. Thomas*, 654 F.3d 1204, 1215 (11th Cir. 2011) (noting that when "relief is due to be denied even if claims are not procedurally barred, [a court] can skip over the procedural bar issues" and deny the claim on its merits.) (citations omitted)).

Mr. Keeton was represented by counsel (doc. 9-2 at 4). On December 19, 2019, the day set for sentencing, Mr. Keeton's trial counsel filed a motion to withdraw. (*See* doc. 9-4 at 198–99). The trial court asked Mr. Keeton, in open court and on the record, whether he opposed his counsel's motion, to which Mr. Keeton responded, "I do not have an opposition to it. I will gratefully accept it." (Doc. 9-5 at 2). The trial court then delayed sentencing and informed Mr. Keeton that she would appoint new counsel. (*Id*. at 2–5). The trial court also reminded Mr. Keeton that "[i]f you have appointed counsel, you're not entitled to act as your own attorney. You can't represent yourself if you have counsel." (*Id*. at 3).

Because Mr. Keeton was represented by counsel at the time he filed his motion for new trial, the trial court could not consider his *pro se* filing. *Ruiz v. Wing*, 991 F.3d 1130, 1144 (11th Cir. 2021) (quoting *United States v. LaChance*, 817 F.2d 1491, 1498 (11th Cir. 1987) ("[T]he right to counsel and the right to proceed *pro se* exist in the alternative.")). And because he was represented by counsel, Mr. Keeton had no right to have counsel appointed to represent him on his *pro se* motion for a new trial. (*See* doc. 9-1 at 124–26; doc. 9-2 at 4).

2. Merits

a. *No agreement not to prosecute existed*

In his objections, Mr. Keeton argues that his claim of a breach of an agreement not to prosecute him was submitted properly to the state courts. (Doc. 15 at 1–2). This claim was considered by the magistrate judge on its merits and found to be

3

without merit because Mr. Keeton failed to show any evidence of an agreement not to prosecute existed. (Doc. 12 at 19–21). A prior investigation of Mr. Keeton based on allegations of sodomy ended with a determination that insufficient evidence existed to prosecute Mr. Keeton. (*Id.* at 21; *see also* doc. 9-4 at 75, 85). Mr. Keeton argues that the finding of lack of sufficient evidence should equate to an agreement not to prosecute (*see* doc. 15 at 2), but no basis in law supports his contention.

### b. *Ineffective assistance of counsel*

Mr. Keeton next objects to the finding that his trial counsel was not deficient under *Strickland v. Washington*, 466 U.S. 668 (1984). (Doc. 15 at 2–3, 5–6). *Strickland* requires a petitioner to show both (1) that his counsel's performance was deficient, and (2) that he suffered prejudice as a result of his counsel's deficient performance. 466 U.S. at 687. Additionally, for purposes of federal habeas review, a petitioner must demonstrate that, in considering an ineffective assistance of counsel claim, the state court applied the *Strickland* standard in "an objectively unreasonable manner." *Bell v. Cone*, 535 U.S. 685, 699 (2002). So, the question before this court is whether the Alabama Court of Criminal Appeals' finding that Mr. Keeton failed to show that trial counsel was constitutionally ineffective was objectively unreasonable. *See Knowles v. Mirzayance,* 556 U.S. 111, 123 (2009) (framing the issue as "not whether a federal court believes the state court's

4

determination under the *Strickland* standard was incorrect, but whether that determination was unreasonable").

In support of his objections, Mr. Keeton argues that "[o]n page 3 of the report and recommendation, the Court admitted that counsel was ineffective" based on Mr. Keeton's counsel requesting a limiting instruction about prior bad acts. (Doc. 15 at 2). However, the magistrate judge was merely recounting that the state court record reflected that Mr. Keeton's counsel objected to the use of that testimony for any impermissible purpose, and that the trial court gave the jury a limiting instruction on how they could consider that testimony. (*See* doc. 12 at 3–4) (citing doc. 9-4 at 153–54).

Mr. Keeton next points to his trial counsel's failure to object to "erroneous jury instructions." (Doc. 15 at 2–3). Specifically, Mr. Keeton faults the trial court for injecting "intent" into the jury charge. (*Id*. at 4–5). Under Alabama law, "all acts of sexual intercourse or deviate sexual intercourse accomplished by force or perpetrated on a child of tender years are proscribed, without regard to intent . . . . The rape and sodomy statutes thus approach . . . strict liability offenses in their outright prohibition of certain conduct regardless of mental culpability." *Frye v. State*, 185 So. 3d 1156, 1165 (Ala. Crim. App. 2015) (citations and emphasis omitted).

5

The trial court instructed the jury that, to prove first degree sodomy, the state had to establish (1) that Mr. Keeton engaged in deviant sexual intercourse with A.K.; (2) that Mr. Keeton did so by "forcible compulsion"; and (3) that in doing so, Mr. Keeton acted "intentionally and knowingly." (Doc. 9-4 at 171–72). The Alabama Court of Criminal Appeals held that because first degree sodomy requires "forcible compulsion" as an element, no other mental state could apply, so the trial court did not err in this regard. (Doc. 9-17 at 12). Moreover, "the fact that [a jury] instruction was allegedly incorrect under state law is not a basis for habeas relief." *Estelle v. McGuire*, 502 U.S. 62, 71–72 (1991). Because a state's interpretation of its own laws or rules provides no basis for federal habeas corpus relief, *Carrizales v. Wainwright*, 699 F.2d 1053, 1054–55 (11th Cir. 1983), federal habeas corpus requires that the jury "instruction by itself so infected the entire trial that the resulting conviction violates due process," *Estelle*, 502 U.S. at 72; *see also Pinkney v. Dep't of Corr.,* 876 F.3d 1290, 1302 (11th Cir. 2017) (requiring that an erroneous jury instruction "reach [] down into the validity of the trial itself to the extent that [the] verdict of guilty could not have been obtained without the assistance of the alleged error") (alterations in original, citation omitted). Here, Mr. Keeton fails to demonstrate any prejudice from the trial court adding an intent requirement to a strict liability crime.

In his objections, Mr. Keeton repeats his prior arguments that his counsel was ineffective for failing to "explain to him the dangers of proceeding to trial in jail garb"; for failing to "strike certain members of the jury venire whom (sic) were tied to law enforcement"; for failing to object to "inconsistent statements by the witnesses"; for failing to "properly investigate the claims"; and for failing to object to "the untrue statements from Investigator McDonald." (Doc. 15 at 5–6). In essence, Mr. Keeton asserts that the evidence against him was prejudicial and his attorney failed to prevent that evidence from being heard by the jury. But Mr. Keeton failed to demonstrate that his counsel's performance "fell below an objective standard of reasonableness," *Strickland*, 466 U.S. at 687–88, which requires a showing that "no competent counsel would have taken the action that his counsel did take," *Chandler v. United States*, 218 F.3d 1305, 1315 (11th Cir. 2000).

For the reasons detailed in the report and recommendation (doc. 12 at 26–37), Mr. Keeton failed to demonstrate that his counsel was deficient, that he suffered prejudice, or both for each of these claims, *see Strickland*, 466 U.S. at 687, 694. Consequently, the court overrules Mr. Keeton's objections regarding his ineffective assistance of counsel claims.

### c. Actual innocence

Finally, Mr. Keeton objects to the finding that he is not entitled to relief on his actual innocence claim. (Doc. 15 at 5). He asserts that he coupled this claim with

7

his ineffective assistance of counsel claim and not as a gateway to have an untimely claim heard. (*Id.*). But as the magistrate judge explained, no freestanding actual-innocence claim exists. (Doc. 12 at 40–42).

In other words, "[a]ctual innocence is not itself a substantive claim, but rather serves only to lift [a] procedural bar." *United States v. Montano*, 398 F.3d 1276, 1284 (11th Cir. 2005). So, although Mr. Keeton argues his "actual innocence" claim is tied to his underlying constitutional claim of ineffective assistance of counsel, that underlying claim has been considered and rejected on its merits. Accordingly, the court overrules Mr. Keeton's objection regarding his claim of actual innocence.

## II.   CONCLUSION

The court finds that Mr. Keeton failed to show the state court's decision was (1) contrary to, or an unreasonable application of, clearly established federal law as defined by Supreme Court precedent, or (2) based on an unreasonable determination of the facts in the light of the evidence. *See* 28 U.S.C. § 2254(d). Accordingly, the court **OVERRULES** Mr. Keeton's objections.

The court **ADOPTS** the magistrate judge's report and **ACCEPTS** the recommendation.  Accordingly, the court **WILL DENY** Mr. Keeton's petition for writ of habeas corpus.

Further, because the petition does not present issues that are debatable among jurists of reason, the court **WILL DENY** a certificate of appealability. *See* 28 U.S.C.

§ 2253(c); *Slack v. McDaniel*, 529 U.S. 473, 484–85 (2000); Rule 11(a), Rules Governing § 2254 Proceedings.

The court will enter a separate final judgment.

**DONE** and **ORDERED** this August 15, 2024.

_____
**ANNEMARIE CARNEY AXON**
UNITED STATES DISTRICT JUDGE